IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY M. WOODS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0424-M |
| | § | |
| COLUMBIA MEDICAL CENTER OF | § | |
| LAS COLINAS, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

In this *pro se* civil action, plaintiffs allege that federal jurisdiction is proper under 28 U.S.C. § 1332(a)(1). (*See* Plf. Compl. at 2, ¶ 10). According to plaintiffs, diversity jurisdiction exists because they are citizens of Texas and one of the defendants, Columbia Medical Center of Las Colinas, Inc. is a citizen of Tennessee. (*Id.* at 1-2, ¶¶ 1, 2 & 10). However, in order for a federal court to exercise diversity jurisdiction, diversity must be complete. That is, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Here, two other defendants named by plaintiffs in their complaint--Michael J. Chiu, M.D. and Ralph R. Parker, M.D.--are citizens of Texas. (*See* Plf. Compl. at 2, ¶¶ 6-7). Consequently, complete diversity does not exist.

## RECOMMENDATION

This case should be dismissed without prejudice for lack of subject matter jurisdiction.[1]

---

[1]  Plaintiffs were invited to file a response by March 19, 2009 explaining why federal jurisdiction is proper, but failed to do so.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE